UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, | No. 16 CV |
| | **COMPLAINT** |
| Plaintiffs, | |
| -against- | |
| B & L MOVING AND INSTALLATION, INC., and R&L OFFICE FURNITURE LIMITED LIABILITY COMPANY, | |
| Defendants. | |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.     This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.  Additionally this is an action to recover fraudulently conveyed assets in violation of New York's Debtor & Creditor Law ("DCL") §§ 270 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.      Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of  ERISA, 29 U.S.C. §1002(3).  The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.      Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.      Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29

U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7.      B & L Moving and Installation, Inc. ("B&L") is a New Jersey based corporation with its principal place of business located at 52 Forest Avenue, Paramus, New Jersey 07652.

8.      R&L Office Furniture Limited Liability Company ("R&L) is a New Jersey based corporation with its principal place of business located at 52 Forest Avenue, Paramus, New Jersey 07652.

## FACTS

### B&L Was Bound To A Collective Bargaining Agreement

9.      At relevant times, B&L was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

10.     The CBA required B&L to make periodic contributions to the Funds for work performed within the trade and geographical jurisdiction of the applicable union ("Covered Work").

11.     The CBA also required B&L to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

### The Funds Receive A Judgment Against B&L

12.     In 2014, B&L refused to permit the Funds to conduct an audit of its books and records.

13.     Accordingly, the Funds conducted an estimated audit of B&L's delinquencies and submitted the matter to arbitration pursuant to the CBA.

14.     On September 17, 2014, the arbitrator issued an award in favor of the Funds and against B&L in the total amount of $3,169,851.91, consisting of the estimated amount of delinquent contributions owed by B&L along with associated liquidated damages, interest, promotional funds, court costs, attorneys' fees, and arbitrators' fees.

15.     On December 2, 2014, the Funds filed an action to confirm the arbitration award, styled *Trustees of the New York City District Council of Carpenters Pension Fund, et al. v. B & L Moving & Installation*, 14-cv-9510 (JMF) (S.D.N.Y.).

16.     On March 12, 2015, the court entered a judgment (the "Judgment") against B&L and in favor of the Funds "in the amount of $3,169,851.91, plus interest at the rate of 5.25% per annum from the date of the Award until payment is made in full, as provided in the Award, and an additional $2,284.55 in attorneys' fees and costs.

17.     B&L has failed to satisfy the Judgment.

**Alter Ego, Successor, And Single Employer Allegations**

18.     At relevant times R&L was the alter ego of, successor of, and single employer with B&L and they had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership and these entities had interrelated and interdependent operations and a centralized control of labor functions.

19.     B&L and R&L were all engaged in the same type of work; namely, moving and installation services in the tristate area, and they both performed Covered Work under the CBA without any meaningful distinction in their operations.

20.     B&L and R&L operated out of the same office at 52 Forest Avenue, Paramus, New Jersey 07652.

21.     B&L and R&L were both owned and operated by Robert Lax.

22.     B&L and R&L used the same equipment, vehicles, facilities, and office staff.

23.     B&L and R&L used and employed each other's workers without any meaningful distinction in their operations.  And, on numerous occasions, R&L would pay B&L's employees out of its payroll account for work these employees were performing for B&L.

24.     B&L and R&L would routinely transfer money between each other when necessary to meet each other's operational needs and expenses.

25.     B&L and R&L failed to follow ordinary corporate formalities or keep separate records, and there was never an arm's-length relationship between them.

26.     B&L used R&L for the purpose of avoiding B&L's contractual and statutory obligations to the Funds by having R&L perform Covered Work without conforming to the terms of the CBA.

27.     B&L created or maintained R&L in order to perpetrate a fraud against the Funds and avoid its obligations to the Funds under the CBA.

28.     As the alter ego of, successor of, and single employer with B&L, R&L is subject to the terms of B&L's CBA, and each is liable for each other's debts and unpaid contributions to the Funds.

**Fraudulent Conveyance Allegations**

29.     During the federal action and After the March 12, 2015 Judgment was entered, B&L fraudulently conveyed money or assets to R&L.

30.     For example, on December 14, 2015, B&L transferred $6,500 to R&L.  And, on June 11, 2015, B&L transferred $25,179.00 to R&L.

31.     Both of these transfers were made without any consideration and with the intent to defraud the Funds and prevent them from recovering the monies rightfully due to them.

32.     As noted above, B&L has failed to satisfy the Judgment.

### THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
#### (Alter Ego Liability/Liability for Delinquent Contributions/Violation of the CBA)

33.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34.     Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

35.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

36.     At relevant times, B&L was a party to, or manifested an intent to be bound by, the CBA.

37.     The CBA and the documents and instruments governing the Funds required B&L to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

38.     At relevant times, B&L and R&L were alter egos of, successors of, and single employers with each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

39.     By virtue of their status as alter egos, successors, and/or a single employer, B&L and R&L are and have at all relevant times been bound by the CBA and are jointly and severally liable for each other's obligations thereunder.

40.     By virtue of their status as alter egos, successors, and/or a single employer, B&L and R&L are jointly and severally liable for the Judgment.

41.     B&L and R&L violated the terms of the CBA when they failed to remit contributions as required by the CBA.

42.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, the Collection Policy, and the documents and instruments governing the Funds, the Funds are entitled to an order directing B&L and R&L to: (1) submit to an audit of their books and records; and (2) pay all delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds during the course of this litigation.   Additionally, the Funds are entitled to an order that R&L is jointly and severally liable with B&L for the Judgment.

**THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
**(Fraudulent Conveyances Under DCL §§ 273-a and 276)**

43.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.     Under DCL § 273-a, "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

45.     Under DCL § 276, "[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

46.     As referenced above, B&L made numerous fraudulent conveyances to its alter ego R&L both during the prior federal action and after the Judgment was entered, without fair consideration and with an intent to hinder, delay, and defraud the Funds and prevent them from receiving the money rightfully due to them under the Judgment.

47.     B&L has failed to satisfy the Judgment.

48.     Pursuant to DCL §§ 270 *et seq.* the Funds are entitled to, among other things, any money found to be fraudulently conveyed from B&L to R&L and for any reasonable attorneys' fees incurred in bringing this action.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1)     Issue an order on the Funds' First Claim for Relief, declaring that R&L and B&L are alter egos, successors, and/or predecessors of each other and/or that they constitute a single employer and that R&L and B&L are obligated to: (1) submit to an audit of their books and records; and (2) pay delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds.  Additionally, the Funds are entitled to an order finding that R&L is jointly and severally liable with B&L for the Judgment;

(2)     Issue on order on the Funds' Second Claim for Relief, (A) finding that B&L fraudulently conveyed money or property to R&L in violation of the DCL; (B) vacating, modifying, or otherwise setting aside any conveyances found to be

fraudulent; (C) requiring R&L to turn over to the Funds any fraudulently conveyed money or property in its custody or possession; (D) disregarding the fraudulent conveyances and attaching or levying execution upon the money or property; and (E) awarding reasonable attorneys' fees to the Funds.  Additionally, the Funds are entitled to a personal monetary judgment against R&L in the amount of any money or assets that were fraudulently conveyed to R&L by B&L that cannot be set aside or turned over to the Funds; and

(3)     Award the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        June 9, 2016

                            Respectfully submitted,

                            **VIRGINIA & AMBINDER, LLP**

        By:     _____/s/_____
                            Todd Dickerson
                            40 Broad Street, 7th Floor
                            New York, New York 10004
                            (212) 943-9080
                            *Attorneys for Plaintiffs*