UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
TRUSTEES OF THE NEW YORK CITY DISTRICT :
COUNCIL OF CARPENTERS PENSION FUND, :
WELFARE FUND, ANNUITY FUND, AND :
APPRENTICESHIP, JOURNEYMAN :
RETRAINING, EDUCATIONAL AND INDUSTRY :
FUND; TRUSTEES OF THE NEW YORK CITY :
CARPENTERS RELIEF AND CHARITY FUND; :
and THE NEW YORK CITY AND VICINITY :
CARPENTERS LABOR-MANAGEMENT :
CORPORATION, :

      Plaintiffs,

  -against-

B&L MOVING AND INSTALLATION, INC. and
R&L OFFICE FURNITURE LIMITED LIABILITY
COMPANY,
      Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 4734 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the New York City and Vicinity Carpenters Labor-Management Corporation (collectively, "Plaintiffs") move for entry of default judgment against B&L Moving and Installation, Inc. ("B&L") and R&L Office Furniture Limited Liability Company ("R&L") (collectively, "Defendants").[1]

In 2007, the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, a union, entered into a collective bargaining agreement (the "CBA") with B&L that required B&L to make periodic contributions to Plaintiffs for work

---

[1] Before filing the present motion, Plaintiffs requested the Clerk of Court to enter a default as to Defendants on the ground that they had failed to answer, move, or otherwise respond to the Complaint. (ECF No. 10.) The Clerk of Court issued the certificate of default on November 28, 2016. (ECF No. 13.)

performed and to submit to an audit when requested by Plaintiffs in order to ensure compliance with required benefit contributions. (Compl., ECF No. 1, ¶¶ 10–11.) In 2014, when B&L refused to allow Plaintiffs to conduct an audit of its books and records, Plaintiffs conducted an estimated audit of B&L's delinquencies in contributions and initiated an arbitration against B&L. (Id. ¶¶ 12–13.)

On September 17, 2014, the arbitrator awarded Plaintiffs $3,169,851.91. (Id. ¶ 14.) Plaintiffs subsequently filed a court action to confirm the arbitration award on December 2, 2014. (Id. ¶ 15.) On March 12, 2015, this Court entered a judgment against B&L "in the amount of $3,169,851.91, plus interest at the rate of 5.25% per annum and an additional $2,284.55 in attorneys' fees and costs" (the "2015 Judgment"). (Id. ¶ 16; Decl. of Todd Dickerson in Support of Default J., Ex. D, ECF No. 18-2.) On June 21, 2016, Plaintiffs commenced the instant action when B&L failed to satisfy the 2015 Judgment. On March 7, 2017, Plaintiffs moved for default judgment against both Defendants. (Pls.' Mot. for Default J. ("Pls.' Mot."), ECF No. 16.)

Before this Court is Magistrate Judge James L. Cott's September 26, 2017 Report and Recommendation ("Report," ECF No. 31), recommending that a default judgment be entered against both Defendants, holding them jointly and severally liable for the prior judgment of $3,169,851.91 against B&L, plus continuing post-judgment interest, as well as $6,958.89 in attorneys' fees and costs.[2] (Id. at 2.) For the reasons set forth below, this Court adopts that recommendation.

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

## I. LEGAL STANDARDS

This Court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 2005)). Where there are objections, however, the court must make a *de novo* determination as to those portions of the report to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C); *Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections were made. *Nelson*, 618 F. Supp. at 1189–90 (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 19.) No objection to the Report has been filed.

Default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Where a defendant has defaulted, the district court must accept as true the well-pleaded allegations of the complaint. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). To determine the amount of damages that should be awarded on a default judgment, Rule 55(b)(2) "leaves the decision of whether a hearing is

necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

## II. DEFAULT JUDGMENT

Defendants have never appeared in this action, responded to Plaintiffs' Complaint or to their motion for a default judgment, or otherwise contacted this Court to request an extension to submit any responses. (*See* Report at 8.) Accordingly, Magistrate Judge Cott properly found that default judgment is appropriate in this action.

## III. JOINT AND SEVERAL LIABILITY

The Report also properly concluded that Plaintiffs have sufficiently alleged that R&L is an alter ego of B&L, and is, therefore, jointly and severally liable with B&L. (Report at 8–10.) Plaintiffs allege that B&L and R&L: (1) operated out of the same office; (2) had the same owner; (3) used the same equipment, vehicles, and office staff; (4) employed each other's workers without any meaningful distinction in their operation, including having R&L pay B&L's employees out of R&L's payroll account for work these employees performed for B&L; (5) routinely transferred money between each other; (6) failed to follow ordinary corporate formalities or keep separate records; and (7) performed the same type of work. (Compl. ¶¶ 19–25). These allegations, taken as true, sufficiently demonstrate that Defendants are alter egos of one another because "the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." *Moore v. Navillus Tile, Inc.*, No. 14 CIV. 8326, 2017 WL 6388962, at *28 (S.D.N.Y. Sept. 20, 2017) (quotation marks omitted) (quoting *Lihli Fashions Corp., Inc. v. NLRB*, 80 F.3d 743, 748 (2d Cir. 1996)).

In light of their alter ego status, Defendants are jointly and severally liable for B&L's breach of the CBA and the 2015 Judgment in the amount of $3,169,851.91, plus applicable post-

judgment interest. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Vintage Tile & Flooring, Inc.*, No. 14-CV-06450 (KBF), 2015 WL 3797273, at *3 (S.D.N.Y. June 18, 2015) (holding that the defendants were jointly and severally liable for a separate judgment against one of the defendants because they were alter egos of one another).

## IV. FRADULENT CONVEYANCE

As Plaintiffs themselves point out, a finding that Defendants are jointly and severally liable for the 2015 Judgment, renders any damages for Plaintiffs' fraudulent conveyance claims under NYDCL §§ 273-a and 276 largely duplicative of those related to the 2015 Judgment, since Plaintiffs "have an enforceable judgment against R&L itself." (Pls.' Mot. at 7). Consequently, the Report correctly concluded that Plaintiffs' fraudulent conveyance claims should be deemed moot and need not be adjudicated. (Report at 12.)

## V. ATTORNEYS' FEES, COSTS, AND POST-JUDGMENT INTEREST

The Report properly determined that Plaintiffs should be awarded $6,958.89 in attorneys' fees and costs under ERISA and the CBA. (*Id.* at 2, 12–18.) First, the Report properly reduced Mr. Todd Dickerson's hourly rate to $250 based on the prevailing rates for lawyers of equivalent experience in this district. (*Id.* at 14–15.) Second, the Report properly applied a fifty percent across-the-board hours reduction given that the case was not unusual, complex, or time-consuming. (*Id.* at 16–17.) Third, the Report reasonably concluded that Plaintiffs should be awarded $548.89 in costs, which reflects the filing fee for this action as well as the postage and service of process. (*Id.* at 17–18.)

In addition, the Report properly determined that Plaintiffs are entitled to post-judgment interest on the total award set forth in the 2015 Judgment ($3,169,851.91) plus accrued interest from the date of such judgment until it is paid. (*Id.* at 18.)

## VI. CONCLUSION

Magistrate Judge Cott's Report and Recommendation is adopted. The Plaintiffs' motion for default judgment is GRANTED. The Defendants are jointly and severally liable to Plaintiffs in the following amounts: $3,169,851.91 for the March 12, 2015 judgment (plus post-judgment interest at the statutory rate); $6,410.00 in attorneys' fees; and $548.89 in costs.

The Clerk of Court is directed to close the motion at ECF No. 16 and this case.

Dated: New York, New York
February FEB 05 2018

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge